IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM EZELL TAYLOR, JR.,
     Petitioner,

v.                                                    Civil No. 3:25cv213 (DJN)

CHADWICK DOTSON,
     Respondent.

## MEMORANDUM OPINION

William Ezell Taylor, Jr. ("Taylor"), a Virginia state prisoner proceeding *pro se*, brings

this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4), challenging his

convictions in the Circuit Court of Chesterfield County, Virginia ("Circuit Court").[1]  Taylor was

convicted in the Circuit Court of voluntary manslaughter, three counts of maliciously

discharging a firearm within an occupied building, unlawful wounding, felony child neglect and

carrying a concealed weapon.  (ECF No. 12-2 at 142.)  Respondent has moved to dismiss.

Taylor has responded.  For the reasons set forth below, the Second Motion to Dismiss (ECF No.

16) will be GRANTED.

## I.    APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that

he is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.

---

[1]    The Court corrects the spelling, punctuation and capitalization in the quotations from the parties' submissions.  The Court employs the pagination assigned by the CM/ECF docketing system.

Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Given these restrictions, the decision of the Court of Appeals of Virginia figures prominently in this Court's opinion.

## II.    PERTINENT FACTUAL BACKGROUND

The Court of Appeals of Virginia summarized the facts that gave rise to Taylor's convictions as follows:

> William Ezell Taylor, Jr. approached Kimani Donovan in a mall food court and provoked a fight. Donovan quickly gained the upper hand. After the fight was broken up, Taylor walked to his backpack and retrieved a firearm. When Donovan restarted the fight, Taylor shot him twice. Taylor also hit his sister with a stray bullet. While Taylor's sister survived, Donovan was critically injured and ultimately died in the hospital. The jury rejected Taylor's self-defense argument, and he was convicted of many different charges. . . .
>
> . . . .
>
> This tragic incident was largely captured on mall security cameras as well as bystander cell phone videos. As a result, the basic facts are not in dispute, although the parties disagree over whether what happened shows that Taylor acted in self-defense. To the extent there is any factual disagreement, we recite the record "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial

2

court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 867 S.E.2d 505 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 863 S.E.2d 858 (2021)).

Taylor went shopping at the mall with his mother, sister, and two-year-old son. Taylor brought with him a backpack he used as a diaper bag. In it was a loaded handgun, for which he did not have a concealed carry permit. After shopping, Taylor left his family members in the food court while he went to the parking lot to load packages and his son's stroller into the car. While leaving the mall, Taylor saw Donovan and two of Donovan's friends at a table in the food court. Taylor and Donovan had never met in person, but three years before this encounter Taylor confronted Donovan in a video call after discovering that Taylor's then-girlfriend had been talking to Donovan.

Taylor loaded the items into the car and returned to the mall, still carrying the backpack. He approached Donovan and mentioned the former girlfriend's name. Donovan stood and moved toward Taylor. Taylor threw the diaper bag to the floor, and then struck Donovan in the face, prompting a fistfight that Donovan had the better of until Donovan's friend separated Donovan from Taylor.

Taylor then returned to his discarded bag and retrieved his gun. He held the gun down by his side without displaying it or warning Donovan that he had a weapon. Donovan approached Taylor, and the two began fighting again. Taylor then fired his gun three times in quick succession, twice hitting Donovan in the abdomen and buttocks. One of the shots also injured Taylor's sister. Taylor and his family gathered their belongings and ran out of the mall. Taylor ran ahead of his family, including his son, and testified that he did not know where his son was during the fight.

Donovan was transported to the hospital and went into organ failure "almost immediately." Donovan arrived at the ER close to death and, after a procedure to stop the bleeding, he had a roughly 1% chance of survival according to his treating physician's testimony. Donovan underwent at least 10 operations during his 11-day stay at the hospital, during which he never regained consciousness. Donovan ultimately was removed from life support and died.

Taylor was tried before a jury and was convicted of voluntary manslaughter (Code § 18.2-35), three counts of maliciously discharging a firearm within an occupied building (Code § 18.2-279), unlawful wounding (Code § 18.2-51), felony child neglect (Code § 18.2-371.l(B)), and carrying a concealed weapon (Code § 18.2-308(A)). The trial court sentenced him to 35 years of imprisonment, with 16 years suspended, and 12 months in jail.

*Taylor v. Commonwealth*, 884 S.E.2d 822, 827–28 (Va. Ct. App. 2023).

## III.    TAYLOR'S CLAIM FOR RELIEF

On direct appeal to the Court of Appeals of Virginia, Taylor raised nine assignments of error. (ECF No. 18-2 at 37–40.) As relevant here, Taylor asserted that: "The trial court erred in failing to give the jury a supplemental instruction regarding the law of self-defense, which

3

instruction was an accurate statement of law, and clarified the meaning of the model instruction given." (*Id.* at 39.) In support of that assignment of error, appellate counsel argued that, "[i]n seeking the refused instruction, the defense merely sought to clarify properly the burdens of the defense and the prosecution with respect to the claim of self-defense." (*Id.* at 72.)

In his 2254 Petition, Taylor contends that he is entitled to relief upon the following ground:

> The Commonwealth violated Mr. Taylor's constitutional rights that [are] protected under the Due Process Clause of the 14th and 5th Amendment[s], and his right to a fair trial, by shifting the burden of persuasion to Mr. Taylor. The Commonwealth argued to the jurors that Mr. Taylor was required "by law" to prove the four elements of excusable self-defense, and that [he] had to prove he acted in self-defense, which is contrary to constitutional law. By law, Mr. Taylor is only required to raise a reasonable doubt about whether he acted in self-defense.

(ECF No. 4-1 at 1 (paragraph structure corrected) (citation omitted).) Although phrased somewhat differently, Taylor acknowledges that he raised this same claim before the Court of Appeals of Virginia. (*See* ECF No. 20 at 2 ("The petitioner raised his issue in direct appeal and was rejected although receiving a letter of dissent from Judge Chanet explaining that he should be given a retrial due to jury instruction."); *id.* at 3 ("Petitioner's claim was addressed on direct appeal and rejected . . . .").) Respondent concedes that Taylor raised essentially this same claim on direct appeal. Given these circumstances, the Court deems Taylor to raise here the same claim that he raised on direct appeal to the Court of Appeals of Virginia.[2]

---

[2]     To the extent that Taylor wished to raise a separate claim pertaining to the prosecutor's remarks during closing argument, such a claim is procedurally defaulted and barred from review here, because Taylor failed to properly raise it on direct review. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The Court of Appeals of Virginia noted:

> The dissent contends that the prosecution used the language of the model jury instruction in a misleading way during closing argument. Taylor did not object to the Commonwealth's characterization of the jury instructions in closing argument; nor did Taylor suggest there was any error in the Commonwealth's argument in this appeal. Thus, we do not consider it.

## IV.    ANALYSIS

In rejecting Taylor's claim on direct review, the Court of Appeals of Virginia stated:

> Our "sole responsibility" in reviewing a challenge to jury instructions "is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." *Molina v. Commonwealth*, 272 Va. 666, 671, 636 S.E.2d 470 (2006) (quoting *Swisher v. Swisher*, 223 Va. 499, 503, 290 S.E.2d 856 (1982)). "A trial court 'has broad discretion over whether to give or deny proposed jury instructions.'" *Huguely v. Commonwealth*, 63 Va. App. 92, 129, 754 S.E.2d 557 (2014) (quoting *Chapman v. Commonwealth*, 56 Va. App. 725, 736, 697 S.E.2d 20 (2010)). When an offered instruction is "a correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it." *Gaines v. Commonwealth*, 39 Va. App. 562, 568, 574 S.E.2d 775 (2003) (quoting *Lincoln v. Commonwealth*, 217 Va. 370, 375, 228 S.E.2d 688 (1976)).
>
> At trial, Taylor argued that he shot Donovan in self-defense. To that end, the trial court gave Instruction 18, virtually identical to Virginia Model Jury Instruction-Criminal Model Instruction No. 33.810 for self-defense "with fault":
>
>> If you believe that the defendant was to some degree at fault in provoking or bringing on the fight, but you believe that:
>> (1)    he retreated as far as he could under the circumstances in a good faith attempt to abandon the fight; and
>> (2)    he made known his desire for peace by word or act; and
>> (3)    he reasonably feared, under the circumstances as they appeared to him, that he was in imminent danger of bodily harm; and
>> (4)    he used no more force, under the circumstances as they appeared to him, than was reasonably necessary to protect himself from the perceived harm,
>> then he acted in self-defense, and you shall find the defendant not guilty.
>
> Taylor argues that, left on its own, Instruction 18 placed an undefined burden of proof on Taylor, when instead the Commonwealth bore the burden of proof. Thus, he contends the court erred by rejecting his proffered supplemental instruction:
>
>> If you find from a consideration of all of the evidence in the case that the defendant's claim of self-defense creates a reasonable doubt that he committed the offense, then you shall find him not guilty.
>
> The Commonwealth counters that Instruction 18, despite omitting discussion of the burden of proof, does not impermissibly shift that burden. And the Commonwealth argues that any ambiguity is resolved by pairing Instruction 18

---

*Taylor v. Commonwealth*, 884 S.E.2d 822, 833 n.8 (Va. Ct. App. 2023)

5

with Instruction 13, which adequately stated the law and burden of proof. Instruction 13 read:

> You have been instructed on more than one grade of homicide. If you have a reasonable doubt as to the grade of the offense, then you must resolve that doubt in favor of the defendant and find him guilty of the lesser offense.
>
> For example, if you have a reasonable doubt as to whether he is guilty of second-degree murder or voluntary manslaughter, you shall find him guilty of voluntary manslaughter. *If you have a reasonable doubt as to whether he is guilty at all, you shall find him not guilty.*

(Emphasis added). We also observe that these instructions followed Instruction 2, which stated that the "presumption of innocence remains with the defendant throughout the trial, and is enough to require you to find the defendant not guilty unless and until the Commonwealth proves each and every element of the crime beyond a reasonable doubt" and that "[t]here is no burden on the defendant to produce any evidence."

Self-defense "in Virginia is an affirmative defense." *McGhee v. Commonwealth*, 219 Va. 560, 562, 248 S.E.2d 808 (1978). Because the absence of self-defense is "not an element of murder," and in pleading self-defense "a defendant implicitly admits the killing was intentional," a defendant bears a burden, in practice, to produce some evidence to support a claim of self-defense. *Id.* However this burden of production must be distinguished, as always, from the ultimate burden of persuasion borne exclusively by the Commonwealth. "If the defendant presents . . . evidence [of self-defense], the Commonwealth must then shoulder its burden of persuasion—requiring proof sufficient under the reasonable-doubt standard to permit a rational factfinder to reject the defense and to find the defendant guilty." *Myers v. Commonwealth*, 299 Va. 671, 679, 857 S.E.2d 805 (2021).

This distinction has been teased out in numerous opinions on whether jury instructions have correctly conveyed the respective burdens. Today we break no new ground in applying this well-established caselaw. It is error for a self-defense instruction to affirmatively require the accused to carry the burden of proof. *Covington v. Commonwealth*, 136 Va. 665, 674, 116 S.E. 462 (1923) (reversing where the self-defense instruction included the requirement that the accused "must prove to the satisfaction of the jury" the elements of self-defense); *Jones v. Commonwealth*, 187 Va. 133, 142, 45 S.E.2d 908 (1948) (reversing where the self-defense instruction required the accused to "show to the jury" that he acted in self-defense). On the other hand, it is not necessary to instruct the jury that the Commonwealth "must disprove beyond a reasonable doubt every fact constituting" a claim of self-defense. *McGhee*, 219 Va. at 563, 248 S.E.2d 808 (quoting *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977)). If a court properly instructs the jury that "[t]here is no burden on the defendant to produce any evidence," it is not error to refuse an "additional

6

instruction on the burden of proving affirmative defenses." *Graham v. Commonwealth*, 31 Va. App. 662, 673-74, 525 S.E.2d 567 (2000) (affirming refusal to give additional instruction on burden of proof for self-defense because jury was generally instructed on burden of proof). And, as always, where granted instructions "fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." *Huguely*, 63 Va. App. at 129, 754 S.E.2d 557 (quoting *Stockton v. Commonwealth*, 227 Va. 124, 145, 314 S.E.2d 371 (1984)).

Taylor suggests the model instruction on self-defense was like that in *Jones*, which "took from the accused his right to acquittal if the jury, after considering all the evidence, entertained a reasonable doubt whether he acted in self-defense or not." 187 Va. at 143; 45 S.E.2d 908. But Taylor has not identified any misleading aspect of the instruction given here. That this instruction does not discuss burden at all does not change the analysis because Instruction 2 informed the jury that "[t]here is no burden on the defendant to produce any evidence" and that the presumption of innocence required the jury to find the "defendant not guilty unless the Commonwealth proves each and every element of the crime beyond a reasonable doubt." Instruction 13 also squarely, and correctly, placed the burden to prove any degree of murder solely at the feet of the Commonwealth: "If you have a reasonable doubt as to whether he is guilty at all, you shall find him not guilty." Together, the instructions fully and fairly covered the relevant principles of law.[3] And with the relevant law already accurately stated, the trial court was within its discretion to find that Taylor's proposed supplemental instruction was unnecessary.[4] *See Graham*, 31 Va. App. at 674, 525 S.E.2d 567 (where "instructions given defined the elements of proof and the burden of proof" there

---

[3]In a separate line of cases examining the distinction between jury instructions that include permissible inferences, contrasted with those creating mandatory presumptions that may violate the Due Process Clause, our Supreme Court likewise considered two instructions in tandem and found no error where one did not require the jury to draw any conclusion, and the other "instructed the jury that the Commonwealth had the burden of proving each element of the offense beyond a reasonable doubt." *Dobson v. Commonwealth*, 260 Va. 71, 76, 531 S.E.2d 569 (2000). Nothing in our consideration of two instructions together should be taken to suggest a constitutional error in one instruction could be cured by another instruction.

[4]That the proposed supplemental instruction was derived in part from *McGhee* does not alter our analysis. The trial court correctly noted that our caselaw discourages pulling jury instruction language from appellate opinions because "[a]ppellate language used to explain a ruling or illustrate a point must necessarily be tailored to the facts and circumstances of the case then before the court on appeal." *Shaikh v. Johnson*, 276 Va. 537, 546, 666 S.E.2d 325 (2008). "Unless clearly intended for use as a jury instruction, such language is inappropriate for that purpose." *Id.*

was no error in refusal "to give the additional instruction on the burden of proving affirmative defenses").[5]

*Taylor v. Commonwealth*, 884 S.E.2d 822, 831–33 (Va. Ct. App. 2023) (footnote numbers altered; all other alterations in original).

> The United States Supreme Court has stated that:

> the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.

*Patterson*, 432 U.S. at 210. "[I]n *Martin v. Ohio* [480 U.S. 228 (1987),] the Court examined . . . whether due process is violated by placing upon a defendant, who is charged with murder, the burden of proving by a preponderance of the evidence self-defense as an affirmative defense." *Smart v. Leeke*, 873 F.2d 1558, 1563 (4th Cir. 1989) (footnote omitted). The Supreme Court "stressed that while the jury was instructed that the defendant carried the burden of proving self-defense by a preponderance of the evidence, it was also instructed that the state was required to prove each element of aggravated murder beyond a reasonable doubt." *Id.* at 1564 (citation omitted). The Supreme Court explained:

> It would be quite different if the jury had been instructed that self-defense evidence could not be considered in determining whether there was a reasonable doubt about the State's case, *i.e.*, that self-defense evidence must be put aside for all purposes unless it satisfied the preponderance standard. Such an instruction would relieve the State of its burden and plainly run afoul of [the Due Process Clause]. The instructions in this case could be clearer in this respect, but when read as a whole, we think they are adequate to convey to the jury that all of the evidence, including the evidence going to self-defense, must be considered in deciding whether there was a reasonable doubt about the sufficiency of the State's proof of the elements of the crime.

---

[5]The dissent contends that the prosecution used the language of the model jury instruction in a misleading way during closing argument. Taylor did not object to the Commonwealth's characterization of the jury instructions in closing argument; nor did Taylor suggest there was any error in the Commonwealth's argument in this appeal. Thus, we do not consider it.

8

*Martin*, 480 U.S. at 233–34.

Here, the Virginia courts concluded that, read collectively, the instructions did not shift the burden of persuasion on the issue of self-defense to Taylor and still required the prosecution to prove all of the elements of the crimes beyond a reasonable doubt. The question before this Court is not whether Virginia courts were correct in those determinations. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (emphasizing that, on federal habeas, the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000))). Rather, federal habeas relief is only appropriate if the relevant state-court decision with respect to the constitutional issue — judged solely by holdings of the Supreme Court — "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Here, Taylor fails to demonstrate that the Virginia courts acted unreasonably in rejecting his due process claim. Accordingly, Taylor's claim will be DISMISSED.

9

## V.    CONCLUSION

For the foregoing reasons, Respondent's Second Motion to Dismiss (ECF No. 16) will be GRANTED.  Taylor's claims will be DISMISSED.  Taylor's § 2254 Petition will be DENIED. The action will be DISMISSED.  A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Taylor and counsel of record.

                                                    /s/
                                        David J. Novak
                                        United States District Judge

Alexandria, Virginia
Date:  May 4, 2026